UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC SPINAL CARE, <br><br> Plaintiff, <br><br> v. <br><br> HIGHMARK BLUE SHIELD, et al., <br><br> Defendants. | Civil Action No. 13-3159 (JLL) <br><br> **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant Highmark Blue Shield's motion to dismiss Plaintiff's Complaint for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) [Docket Entry No. 9], and Plaintiff's cross-motion to amend the Complaint [Docket Entry No. 10]. The Court has considered the submissions made in support of and in opposition to the instant motions. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons that follow, Defendant's motion to dismiss is **granted,** as is Plaintiff's motion to amend. Plaintiff's Complaint is dismissed *without* prejudice. Plaintiff may file an Amended Complaint on or before **August 23, 2013.**

**BACKGROUND**[1]

This lawsuit arises out of a dispute between a healthcare provider and an insurance company over an alleged disclosure violation. In March 2013, Plaintiff, Atlantic Spinal Care—

---

[1] The Court accepts the following facts asserted in Plaintiff's Complaint as true solely for purposes of this motion.

1

the healthcare provider—filed a Complaint against Highmark Blue Shield—the insurance company—seeking relief from an alleged disclosure violation pursuant to Section 502(a)(1)(A) of ERISA, codified at 29 U.S.C. § 1132(a)(1)(A). Plaintiff's Complaint was originally filed in the Superior Court of New Jersey, Law Division, Middlesex County, in or around March 2013. Defendant removed the matter to federal court in May 2013 pursuant to 28 U.S.C. § 1441. This Court's jurisdiction over Plaintiff's Complaint is premised on 28 U.S.C. § 1331.

Plaintiff's Complaint alleges that at some point in 2010, Plaintiff provided medically reasonable services to "Donald L." (Compl., ¶ 4). The Complaint further alleges that Plaintiff had obtained an assignment of benefits from Donald L. regarding the health benefits at issue—which, according to Plaintiff, are subject to ERISA because the benefits were obtained through participation in an employee benefit plan. (Compl., ¶¶ 5, 9). After providing such medical services, Plaintiff prepared and submitted to Defendant a Health Care Insurance Claim Form, demanding reimbursement in the amount of $66,800.00. (Compl., ¶ 6). Plaintiff subsequently received payment issued by Defendant in the amount of $6,594.49. (Compl., ¶ 7). Thereafter, it is alleged that Plaintiff engaged in the applicable administrative appeals process maintained by Defendant. (Compl., ¶ 8).

In light of the foregoing, Plaintiff brings a single claim pursuant to Section 502(a)(1)(A) of ERISA based on Defendant's alleged: (1) failure to issue an Adverse Benefit Determination in accordance with the requirements of ERISA, and (2) failure to comply with Plaintiff's request for information and documents including but not limited to the "Summary Plan Document." (Compl., ¶¶ 10-14). The Complaint further alleges that Plaintiff has been prejudiced by Defendant's alleged disclosure violation(s) because it has not been able to identify the Plan

Sponsor or to assess the application of the terms of the Summary Plan Document prior to asserting a claim for benefits under ERISA § 502(a)(1)(B).

On June 7, 2013, Defendant filed a motion to dismiss the Complaint pursuant to Rule 12(b)(1) on the basis that Plaintiff lacks standing to assert an ERISA claim inasmuch as it is neither a plan participant nor a beneficiary under the plan.

## **LEGAL STANDARD**

Pursuant to Rule 12(b)(1), the court must dismiss a complaint if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). Standing is a jurisdictional matter and thus "a motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1)." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). As per Rule 12(b)(1), the court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party. *Id.*

Motions to dismiss under Rule 12(b)(1) may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* In reviewing a factual attack, however, the challenge is to the actual alleged jurisdictional facts. *Id.* at 176-77. Thus, in that instance a court is free to consider evidence outside of the pleadings. *Id.*

**DISCUSSION**

As previously stated, Defendant seeks dismissal of Plaintiff's Complaint on the basis that Plaintiff lacks standing to assert an ERISA claim inasmuch as it is neither a plan participant nor a beneficiary under the plan. Moreover, Defendant maintains that any purported assignment of rights from Donald L.—the plan participant—to Plaintiff is void because the applicable health benefits plan contains a clear anti-assignment provision that expressly prohibits Donald L. from assigning his rights and/or benefits to anyone. Because Defendant challenges the facts underlying Plaintiff's jurisdictional assertions, the Court may consider evidence outside the pleadings. *See Gould,* 220 F.3d at 176.

**1. Standing**

Pursuant to § 502(a) of ERISA, "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). It is clear, therefore, that standing to sue under the statute is "limited to participants and beneficiaries." *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400-401 (3d Cir. 2004). If Plaintiff has no standing to sue under ERISA, then this Court lacks federal subject matter jurisdiction to entertain this matter. *See generally id.* at 402.

**A. Derivative Standing By Assignment**

Here, it is undisputed that Plaintiff is neither a participant nor a beneficiary of an ERISA plan. As a result, Plaintiff does not have standing to sue under the statute in its own right. *See Pascack,* 388 F.3d at 400. The parties contest, however, whether Plaintiff has obtained the necessary standing under § 502(a) by way of an assignment of a claim from an ERISA plan participant or beneficiary.

4

Attached as Exhibit A to Plaintiff's Complaint is a form entitled "Assignment of Personal Injury Protection and/or Major Medical Insurance Benefits & Collection Rights." The document is on Atlantic Spinal Care letterhead and appears to be signed by someone with the initials "D. L." *See* Compl., Ex. A. Defendant does not contest the authenticity of this document, nor does Defendant expressly dispute, for purposes of this motion, that Plaintiff, in fact, entered into an agreement with the plan participant wherein the plan participant assigned certain insurance benefits and collection rights to the Plaintiff. Rather, Defendant maintains that Plaintiff, nevertheless lacks standing because the Plan issued to Donald L. unambiguously states that "rights and benefits under the Plan cannot be assigned." (Def. Br. at 3).

### B. Anti-Assignment Provision

In support of this position, Defendant attaches as Exhibit B to the Bretz Decl. a copy of the Employee Health Plan Summary Plan Description which was issued to Donald L. as a participant in the relevant employee health plan. *See* Bretz Decl., ¶ 4; Ex. B at 78. The Court has reviewed the Summary Plan Description and notes the "Limitation on Assignment" provision contained on page seventy-eight (78) of the document, which provides that "[y]our rights and benefits under the Plan cannot be assigned, sold or transferred to your creditors or anyone else." *Id.* In further support of its position, Defendant cites to several district court cases which held that anti-assignment provisions bar the assignment of any rights or benefits due under the plan, resulting in a lack of standing for the healthcare provider plaintiff. *See, e.g., Temple Univ. Hosp., Inc. v. Grp. Health, Inc.*, 2006 WL 1997424, at *10 (E.D. Pa. July 13, 2006) ("Consistent with *Lehigh Valley*, this Court also finds that the anti-assignment clauses in the contracts in this case are enforceable. Furthermore, there is no indication in the record that Temple received consent from GHI or Oxford for the assignments presumably signed by Mr. Tremarcke and Ms.

5

Griffin. Therefore, Temple does not have standing to sue under ERISA."); *Lehigh Valley Hosp. v. UAW Local 259 Soc. Sec. Dept.,* 1999 WL 600539, at *3 (E.D. Aug. 10, 1999) ("Since the Plan expressly prohibits any assignment of rights or benefits to which a participant may be entitled, I find that plaintiff lacks standing to bring suit under ERISA.").

      C.      **Enforceability of Anti-Assignment Provision**

Plaintiff opposes Defendant's motion on the basis that the anti-assignment clause at issue is unenforceable. In support of this statement, Plaintiff relies largely on a decision by the Court of Appeals for the Fifth Circuit, *Hermann Hosp. v. MEBA Med. and Benefits Plan*, for the proposition that anti-assignment clauses such as the one at issue apply only to unrelated third-party assignees, such as creditors, who might attempt to obtain assignments to cover unrelated debts.[2] 959 F.2d 569, 575 (5th Cir. 1992) ("We interpret the anti-assignment clause as applying only to unrelated, third-party assignees-other than the health care provider of assigned benefits-such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the Plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits."), *overruled on other grounds by Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*, 698 F.3d 229 (5th Cir. 2012).

---

[2] The Court notes that Plaintiff's Complaint does not seek payment of benefits under the ERISA plan, but rather, statutory penalties associated with Defendant's alleged disclosure violations. In this regard, Defendant argues that any alleged assignment of the plan participant's right to collect payment of *benefits* to Plaintiff does not confer on Plaintiff standing to pursue statutory penalties associated with Defendant's alleged violation of the plan participant's rights under ERISA to obtain certain plan documents. Because this argument was raised for the first time in Defendant's reply brief, Plaintiff has not been given an opportunity to respond. As a result, and given that the Court finds that dismissal of Plaintiff's Complaint is warranted for a separate reason and that leave to amend the Complaint should be granted, the Court declines to address this argument at this time. Defendant is free to renew this argument in any future motion practice, with citation to appropriate legal authority in support of same.

6

### D. Waiver of Anti-Assignment Provision

Even if the anti-assignment provision were deemed enforceable, Plaintiff maintains that Defendant has waived—or is estopped from asserting—the anti-assignment clause by virtue of the "course of conduct" between Plaintiff and Defendant. In support of this position, Plaintiff relies on several district court decisions finding waiver of anti-assignment provisions based upon a course of conduct between the insurer and the provider. *See, e.g., Premier Health Ctr., P.C. v. UnitedHealth Group,* No. 11-425, 2012 WL 1135608, at *10 (D.N.J. April 4, 2012) ("[B]ased upon Defendants' course of conduct with Plaintiffs, Defendants have waived any right to enforce the anti-assignment provision. Therefore, Plaintiffs have met their burden to establish standing to sue under ERISA."); *Glen Ridge Surgicenter, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2009 WL 3233427, at *4 -5 (D.N.J. Sept. 30, 2009) (finding same and noting that "GRS describes a course of dealing between itself and Horizon that allegedly constitutes a waiver of the anti-assignment provision and estops Horizon from disavowing GRS's standing. The conduct includes discussions of patient coverage under health care policies, direct submission of claim forms, and direct reimbursement of medical costs. GRS described their course of dealing in great detail in the Complaint."); *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007) (finding same and noting that the course of conduct "includes discussions of patient coverage under health care policies, direct submission of claim forms, direct reimbursement of medical costs, and engagement in appeal processes."). Here, in order to illustrate what Plaintiff describes as the "obvious course of conduct" between Plaintiff provider and Defendant, Plaintiff refers to the contents of a single letter, attached as Exhibit D to its Complaint. Plaintiff goes on to argue

that, "it is clear that such regular interaction between Plaintiff and Highmark, without mention of the anti-assignment clause, impedes Highmark's ability to rely on the anti-assignment provision to challenge Plaintiff's derivative standing."

2. **Analysis**

The Court finds, as a general matter, that: (1) some courts have carved out a narrow exception to the ERISA standing requirement by granting standing to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care,[3] (2) notwithstanding a valid assignment, some courts have found that a healthcare provider lacks standing where the underlying ERISA plan contains an anti-assignment provision,[4] and (3) an anti-assignment clause may be waived by, *inter alia*, a course of dealing.[5]

The Court further concludes that paragraph five (5) of Plaintiff's Complaint, coupled with the actual assignment document, attached as Exhibit A to the Complaint, are arguably sufficient to establish Plaintiff's derivative standing by assignment to bring a claim under

---

[3] *See, e.g., Simon v. Gen. Elec. Co.*, 263 F.3d 176, 178 (2d Cir. 2001) ("This narrow exception grants standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care."); *Pascack*, 388 F.3d at 400-401 ("The parties dispute whether, under the law of this Circuit, the Hospital can obtain standing under § 502(a) by virtue of an assignment of a claim from a participant or beneficiary. We need not resolve this dispute, however, because there is nothing in the record indicating that Psaras and Rovetto did, in fact, assign any claims to the Hospital.").

[4] *See Lehigh Valley Hosp. v. UAW Local 259 Soc. Sec. Dept.,* 1999 WL 600539, at *3 (E.D. Aug. 10, 1999).

[5] *See Garden State Bldgs., L.P. v. First Fid. Bank, N.A.*, 305 N.J. Super. 510, 524 (App. Div. 1997) ("[A]n anti-assignment clause may be waived by a written instrument, a course of dealing, or even passive conduct, i.e., taking no action to invalidate the assignment vis-a-vis the assignee.").

ERISA.[6]  Having said that, the Court finds that Plaintiff's Complaint, as currently drafted, fails to state a viable claim under ERISA inasmuch as Plaintiff's standing is premised entirely on the plan participant's assignment of rights, but evidence in the record demonstrates that the ERISA plan at issue contained an anti-assignment provision.  Plaintiff does not dispute this; rather, Plaintiff argues that Defendant has waived its ability to rely on this provision by virtue of the parties' course of dealing.  But Plaintiff's Complaint, as currently drafted, contains no facts, whatsoever, to support a theory of waiver.  By comparison, in *Premier Health*, the Court noted that:

> [T]he Amended Complaint alleges a course of conduct beyond direct reimbursement for medical services. Indeed, the Amended Complaint describes regular interaction between United and Premier prior to and after claim forms were submitted, without mention of United's invocation of the anti-assignment clause. (See AC ¶¶ 6–7, 13–20, 27–34). Such conduct includes: letters from Health Net notifying Premier of overpayments, demanding a refund, and notifying Premier of the proper procedure to dispute Health Net's decision (id. ¶ 27–28); telephone calls between Health Net and Premier about Premier's appeals (id. ¶ 31); and communications with Premier via e-mail regarding recoupments for the overpayments. (Id. ¶ 32–33). Such actions impede United or Health Net's ability to rely on the anti-assignment provision to challenge Premier's standing.

*Premier,* 2012 WL 1135608, at *10.  No such allegations are present here.  Moreover, in opposition to Defendant's motion, Plaintiff relies exclusively on a single letter sent from Plaintiff to Defendant, dated March 22, 2011.  The Court has carefully reviewed this letter and finds that—without more—it fails to rise to the level of establishing a "course of dealing" between Plaintiff and Defendant that would support a theory of waiver in this context.  Thus, based on

---

[6] As stated previously, the Court declines to rule at this time on the separate argument raised by the Defendant that any alleged assignment of the plan participant's right to collect payment of *benefits* to Plaintiff does not confer on Plaintiff standing to pursue statutory penalties associated with Defendant's alleged disclosure violations.

the current record, Plaintiff has failed to meet its burden of establishing standing to sue under ERISA.

However, in the interest of fairness, and based on the Court's inherent authority to manage its docket, the Court will allow Plaintiff to file an Amended Complaint that cures the deficiencies discussed herein, to the extent possible.[7] The Court finds this approach particularly fair given Plaintiff's representation that: (a) Defendant first raised the issue of the anti-assignment provision only *after* this lawsuit was filed, and (b) Plaintiff received the relevant plan documents for the first time when it received Defendant's motion papers.

## CONCLUSION

Based on the reasons set forth above, Defendant's motion to dismiss for lack of standing is granted, as is Plaintiff's motion to amend the Complaint. Plaintiff's Complaint is dismissed *without* prejudice. Plaintiff may file an Amended Complaint **on or before August 23, 2013**. Plaintiff's failure to do so will result in dismissal of Plaintiff's Complaint *with* prejudice.

An appropriate Order accompanies this Opinion.

Date: July 1, 2013

s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[7] Given the early stage of this litigation, the Court will also allow Plaintiff to amend the Complaint to add any additional defendants and/or claims that it deems appropriate. Defendant's cross-motion to amend is therefore granted. *See* Federal Rule of Civil Procedure 15(a)(2) ("The court should freely give leave when justice so requires."); *see generally Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (noting that a general presumption exists in favor of allowing a party to amend its pleadings).